JONES, JUDGE:
The claim of Lena Solomon arose when the respondent, Rehabilitation Environmental Action Program, also popularly known as REAP, a State agency created under the executive authority of the Governor of West Virginia and acting under a contract with the Appalachian Regional Commission, destroyed a building, formerly a residence, owned by the claimant. The property upon which the building was located, being 4.88 acres in Clinton District, Monon-galia County, West Virginia, was purchased by the claimant from the Sheriff of Monongalia County in the month of October, 1970 for taxes delinquent thereon for the year 1969, in the name of California Hobbies, Inc., for the sum of $85.00.
In the summer of 1973, a section of Interstate 79 was opened and a ceremony was held near the Monongalia-Marion County line. The subject structure was in plain view of the dignitaries and others attending the ceremony and the “eyesore” was so offensive to the view of A. James Manchin, State Director of the respondent, that he vowed he would remove it as a part of the program of the agency. Some effort was made to locate the owner but no search was made in the Monongalia County Clerk’s office where the claimant’s deed had been recorded on May 15, 1972. While there was considerable publicity, probably in excess’ of what a legal notice would have engendered, no official notice of any kind was given to the claimant. In August, 1973, a foreman and three boys of high school age, all *105 employees of the respondent, went upon the claimant’s land and with sledge-hammers and crowbars proceeded to tear down the structure. The work continued into the third day when an attempt was made to burn out a bumblebee’s nest, resulting in the remaining walls being burned to the ground. After the fire, the crew left the site and did not return. Photographs taken after their departure showed a basement, a brick chimney, and many loose boards strewn about the area.
While the Court approves the purpose of the respondent’s program and its salutary accomplishments, we cannot condone the violation of the claimant’s rights in the ownership of her property. Photographs exhibited in evidence depict a dilapidated, unsightly structure, and testimony described the roof as falling in, no floor in the living room, walls deteriorated and damaged, and the weight of the evidence indicates rather strongly that elimination of the structure might be considered a worthy goal. However, the end may not justify the means, and in this case, the actions of the respondent were not justified.
The evidence in this case reveals a wide divergence of views as to the amount of damages sustained by the claimant. The notice of claim sets a value on the building prior to its destruction of $3,000.00 and claims damages to trees in the amount of $500.00. The respondent considers the structure to have been a worthless nuisance and damage to trees to have been negligible. The Court takes the view that the building had some value and that at least one large tree was injured by fire resulting from the respondent’s carelessness. The Court is of opinion that the claimant is entitled to recover a portion of the damages claimed and that a fair appraisal of the claimant’s loss, including clean-up, is the sum of $500.00.
Accordingly, an award is hereby made to the claimant, Lena Solomon, in the amount of $500.00.
Award of $500.00.